**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

CRAIG CLYMORE, also known as
James Burchell, also known as Steve
Brown, also known as Kevin Riley,
also known as Wayne Samuel Powell,
also known as Cliff G. Wilson,

        Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant-Appellee.

No. 97-2319

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. C.V.-96-763-JC/RLP)

Submitted on the briefs:

Craig Clymore, Plaintiff-Appellant, pro se.

John J. Kelly, United States Attorney, and Stephen R. Kotz, Assistant
U.S. Attorney, Albuquerque, New Mexico, for Defendant-Appellee.

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

**EBEL** , Circuit Judge.

Plaintiff appellant, Craig Clymore, pled guilty to conspiracy to knowingly and intentionally possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B) and 18 U.S.C. § 2.  Sometime after his incarceration, Clymore, proceeding pro se, filed a motion for return of property pursuant to Fed. R. Crim. P. 41(e) seeking the return of nine items of property forfeited in various state and federal proceedings.  The district court adopted the report and recommendation of the magistrate judge denying Clymore's motion for summary judgment and granting that of the government.  However, contrary to the magistrate judge's recommendation that only some of Clymore's claims be dismissed with prejudice, the district court dismissed all claims with prejudice.  On appeal, Clymore raises various challenges to the conclusions of the district court.[1]  We address those issues in order.

I.

> We review the grant or denial of summary judgment
> de novo, applying the same legal standard used by the
> district court pursuant to Fed. R. C.V. P. 56(c).
> Summary judgment is appropriate if the pleadings,
> depositions, answers to interrogatories, and admissions

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

> on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the district court.

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted).

As did the district court, we separate the nine forfeited items into four distinct categories. The first category consists of items subject to judicial forfeiture: a 1990 Honda Accord judicially forfeited in 1991 in the United States District Court for the Eastern District of Washington, and two items forfeited in New Mexico state judicial proceedings -- a Cessna TU 206 aircraft Tail No. N2691X and a 1988 Ford truck. The district court, citing United States v. Madden, 95 F.3d 38 (10th Cir. 1996), held that Rule 41(e) could not be used to contest judicial forfeitures. Clymore argues that, while this may be the case with regard to federal judicial forfeitures, Rule 41(e) is still available to challenge state judicial forfeitures. We disagree.

Initially, we note that Rule 41(e) is an equitable remedy, see Floyd v. United States , 860 F.2d 999, 1003 (10th Cir. 1988), available to Mr. Clymore only if he can show irreparable harm and an inadequate remedy at law, see id.; see also Blinder, Robinson & Co. v. United States (In re 6455 S. Yosemite) , 897 F.2d

1549, 1556 (10th Cir. 1990) (same with pre-indictment 41(e) motion). Assuming Mr. Clymore has state avenues of relief open to him, he cannot show an inadequate remedy at law.

Apart from principles of equity, however, there are some limited circumstances under which Rule 41(e) can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity. See United States v. Solis, 108 F.3d 722, 722-23 (7th Cir. 1997) (denying Rule 41(e) motion where there was no evidence of federal possession or federal direction of state seizure); see also United States v. White, 718 F.2d 260, 261 (8th Cir. 1983) (denying Rule 41(e) motion where United States did not have possession of property); cf. United States v. Fabela-Garcia, 753 F. Supp. 326, 328 (D. Utah 1989) (finding federal constructive possession where state had deferred to the United States "in all aspects of the prosecution").

In his reply brief, Clymore attaches various documents establishing the involvement of federal law enforcement officers with his prosecution and conviction. None of those documents, however, specifically refer to the property

at issue. Clymore's assertion that federal authorities controlled the ongoing investigation and were "involved" in the seizures, without more, is insufficient to establish the extensive federal possession or control necessary to make Rule 41(e) the appropriate vehicle by which to recover the state-forfeited property.[2]

Because the district court did not have subject matter jurisdiction over the state-forfeited Cessna TU 206 aircraft and the 1988 Ford truck, the claims regarding them should have been dismissed without prejudice. Upon remand, the district court is directed to amend its order of dismissal to so indicate.

II.

The second category of property identified by the magistrate judge is approximately $2,000 in United States currency. Because Clymore acknowledges that this property was judicially seized by the state of New Mexico, his claim for return of the property pursuant to Rule 41(e) fails for the reasons discussed above. This claim, too, should have been dismissed without prejudice.

---

[2] Clymore cites United States v. Deninno, 103 F.3d 82 (10th Cir. 1996), to support his argument that Rule 41(e) can apply to state judicial forfeitures. While the Deninno defendant's Rule 41(e) motion sought the return of property seized both administratively by the Drug Enforcement Administration (DEA) and judicially by the state of Oklahoma, the Deninno opinion focuses exclusively on state and federal administrative forfeiture. See id. at 82 ("Although we find the record insufficient to hold the *administrative* forfeitures procedurally valid, we dismiss Mr. Deninno's Rule 41(e) motion because it failed to offer any legal basis for the return of the forfeited property.") (emphasis added). We refuse to read Deninno to suggest that Rule 41(e) can be used to challenge state judicial forfeitures.

III.

The third category of property consisted of a second Cessna TU 206 aircraft Tail No. N7352G, $4,510 in United States currency, approximately three million pesos in Mexican currency, and an ICOM portable transceiver with battery pack. These items were the subject of federal administrative forfeiture. The district court found, and the government conceded, that Clymore had not received constitutionally adequate notice regarding the forfeiture of these items. The issue on appeal is what a district court should do under these circumstances when the statute of limitations prevents commencement of a judicial forfeiture.

Mr. Clymore essentially argues that a forfeiture without adequate notice is void and that, because the statute of limitations has run against the government, his property or its value should be returned to him.[3] The district court examined the merits of the forfeitures and found that, because Mr. Clymore could not prevail on the merits, his claims must fail. We reverse.

---

[3] The forfeiture procedures relating to the customs laws apply to forfeitures occasioned by violation of the drug laws. See 21 U.S.C. § 881(d). 19 U.S.C. § 1621, the limitations provision for the customs laws, provides:

> No suit or action to recover . . . any pecuniary penalty or forfeiture of property accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered.

In United States v. Rodgers, 108 F.3d 1247 (10th Cir. 1997), this court found that notice was constitutionally ineffective where the DEA failed to mail seizure notices to the defendant at a residence known to the agency. See id. at 1251. The court ordered that the forfeitures be vacated, thus treating the defective forfeiture as void. See id. at 1255; see also Aero-Medical, Inc. v. United States, 23 F.3d 328, 331 (10th Cir. 1994) (vacating administrative forfeiture where notice was inadequate); Armendariz-Mata v. United States Dep't of Justice, 82 F.3d 679, 683 (5th Cir. 1996) (same); United States v. Volanty, 79 F.3d 86, 88 (8th Cir. 1996) (noting that "[w]hen an administrative forfeiture is void for lack of notice, a district court must set aside the forfeiture Declaration and order DEA either to return [the] property or commence judicial forfeiture in the district court" (quotation omitted)); United States v. 2751 Peyton Woods Trail, 66 F.3d 1164, 1166-67 (11th Cir. 1995) (dismissing government's forfeiture complaint where petitioner received neither notice nor a hearing before the issuance of warrants seizing real property); United States v. Giraldo, 45 F.3d 509, 512 (1st Cir. 1995) ("If the notice turns out to have been inadequate, the forfeiture is void."). Thus, applying Rodgers, the forfeitures here must be vacated.

In an effort to avoid this result, the government cites United States v. Deninno, 103 F.3d 82 (10th Cir. 1996). In that case, the defendant's Rule 41(e)

motion asserted that, although he had been served in jail with notice of the forfeiture of his property, he was deprived of writing materials and postage with which to object to the proceedings. Defendant's uncontested allegation thus established that he had not received constitutionally adequate notice.

Instead of vacating the offending forfeiture and remanding the case, the panel proceeded to address the merits of the defendant's motion. After examining the record, the panel concluded that dismissal was warranted because the defendant had failed to "offer any plausible legal theories upon which to challenge the forfeitures." Id. at 85. The court noted that the defendant had been convicted of various drug offenses and that "[a]ll of the property at issue in [the] case was seized from a hotel where Mr. Deninno was carrying out these crimes," id. at 86, thus making the property forfeitable under both state and federal statutes. Because the defendant could "offer [no] reason why the property at issue [was] not subject to forfeiture," id., he could not show that he was prejudiced by the defective notice. The court reasoned that "[u]psetting the forfeitures because of the alleged procedural faults, when Mr. Deninno appears to have no basis for the return of the property once the faults are remedied in new proceedings, would serve no purpose other than to waste limited judicial resources." Id. at 86.

Deninno is distinguishable from this case. As the magistrate judge acknowledged, there was no statute of limitations problem apparent in Deninno.[4] The panel, therefore, had the option of either remanding the case to the district court where a judicial forfeiture could be commenced, or examining the merits of the forfeiture based on the record on appeal. Efficiency dictated the latter approach, and the government's failure to provide adequate notice was essentially viewed as harmless error.[5]

---

[4] Indeed, documents from the Deninno case extant in this court's files reveal that Mr. Deninno was arrested in February 1992. The decision in Deninno was issued in 1996, well within the five-year limitations period. Unless the alleged offense was discovered well before Mr. Deninno's arrest, an unlikely scenario, there should have been ample time for the government to recommence a new forfeiture action.

[5] Any broader reading of Deninno to the effect that constitutionally defective notice of a forfeiture merely renders the subsequent forfeiture voidable rather than void would be contrary to our holding in Aero-Medical, Inc. v. United States, 23 F.3d 328, 331 (10th Cir. 1994). Because Aero-Medical is the earlier opinion, it "constitutes binding circui

(continued...)

---

[5](...continued) t precedent constraining subsequent panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court. . . .[Thus,] when faced with an intra-circuit confli

(continued...)

No such approach is possible in this case.  The forfeiture of which

---

[5](...continued) ct, a panel should follow earlier, settled precedent over a subsequent deviation therefrom." Haynes v. Williams, 88 F.3d 898, 900 n.4 (10th Cir. 1996) (citations omitted).

-11-

Clymore complains is void and must be vacated. See Rodgers, 108 F.3d at 1255; Aero-Medical, 23 F.3d at 331. Because the statute of limitations has expired, any finding that constitutional error occurred in the notice procedure would not be harmless as to Clymore, thus making the Deninno approach unworkable.

The magistrate judge cited both Rodgers and Deninno, but noted, as mentioned above, that no statute of limitations issue had been raised in either case. Relying on Boero v. DEA, 111 F.3d 301 (2d Cir. 1997), and United States v. Marolf, 973 F. Supp. 1139 (C.D. Cal. 1997), cases which explicitly address the limitations issue, the district court determined that there was sufficient information in the record to reject Clymore's claim on the merits. We disagree with this approach.

In Boero, 111 F.3d 301, the defendant entered a plea of guilty to distribution of cocaine and conspiracy to commit kidnaping. Currency seized at the time of his arrest was eventually administratively forfeited by the DEA. The DEA conceded that the defendant had never received proper notice of the forfeiture, but the district court held that the defendant's remedy was via administrative claims procedures. See id. at 303-04. The Second Circuit reversed the latter determination, holding that

> [t]he court's findings concerning the impropriety of the forfeiture
> gave the court power to correct the deficiency. The court, however,
> did not correct the deficiency, and instead allowed Boero to pursue
> an administrative remedy, over five years from the date of the initial

> seizure, as if an improper forfeiture had never occurred. . . .
>
> Consignment of Boero to his administrative remedy is contrary to this Circuit's civil forfeiture law.

Id. at 305 (citation omitted). As a broad proposition, the court stated that "when the government is responsible for a known claimant's inability to present a claim, through the government's disregard of its statutory obligation to give notice (or otherwise), a hearing on the merits is available in the district court." Id. at 306. Because the court found that the DEA was responsible for the failure of notice, the court vacated the judgment "to the extent that the DEA was directed to commence administrative forfeiture proceedings, and direct[ed] the district court to consider Boero's claim on the merits." Id. at 307. Following Boero, the court in Marolf, 973 F. Supp. 1139, proceeded to examine the merits of a challenge to a forfeiture where the limitations period had run against recommencement of any further forfeiture action.

We respectfully disagree with the Second Circuit's decision in Boero insofar as the hearing ordered there examined the merits of the challenged forfeiture when the original notice was constitutionally deficient and the statute of limitations had already run. This result is required by our circuit precedent which holds that a forfeiture accomplished without adequate notice is void and must be vacated. See Rodgers, 108 F.3d at 1255; Aero-Medical, 23 F.3d at 331. As noted above, we are not alone in this view. See Armendariz-Mata, 82 F.3d at

-13-

683; <u>Volanty</u>, 79 F.3d at 88; <u>2751 Peyton Woods Trail</u>, 66 F.3d at 1166-67; <u>Giraldo</u>, 45 F.3d at 512.

Where obvious statute of limitations problems exist, we think the offending forfeiture should be vacated and the statute of limitations allowed to operate, subject, of course, to any available government arguments against it. As we noted in <u>Aero-Medical</u>, "[d]ue process protections ought to be diligently enforced, and by no means relaxed, where a party seeks the traditionally disfavored remedy of forfeiture." 23 F.3d at 331 (quotation omitted). We thus reverse the district court's grant of summary judgment to the government as to the property administratively forfeited by the DEA.

IV.

The last item of property at issue is a 1982 Toyota truck seized in a federal administrative forfeiture in Texas. The district court declined to exercise ancillary jurisdiction over property seized in another district. We affirm.

Fed. R. Crim. P. 41(e) states, in pertinent part:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property.

There is a split in the circuits regarding whether Rule 41(e) motions must be brought in the district in which the property was seized or in the district in

-14-

which the criminal proceedings occurred. The Second Circuit in <u>United States v. Giovanelli</u>, 998 F.2d 116, 118 (2d Cir. 1993), has held that the district court which had presided over the underlying criminal proceeding had jurisdiction over a Rule 41(e) motion brought after the conclusion of the criminal matter even though the property had been seized in a different district. The Eighth Circuit has carried this reasoning a step further and held that the district court which had presided over the criminal matter was the only proper district to entertain a Rule 41(e) motion, implying that the district in which the property had been seized would not have jurisdiction. See <u>Thompson v. Covington</u>, 47 F.3d 974, 975 (8th Cir. 1995).[6]

In contrast to these cases, the Fourth Circuit has held that, after the conclusion of the criminal proceeding, jurisdiction is proper only in the district in which the property was seized. See <u>United States v. Garcia</u>, 65 F.3d 17, 20

---

[6]     This seems to contradict the first sentence of Rule 41(e) which provides that:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property . . . .

See also <u>United States v. Garcia</u>, 65 F.3d 17, 20 (4th Cir. 1995) (rejecting <u>Thompson</u> and characterizing this holding as a "flourish" contrary to the Rule).

-15-

(4th Cir. 1995) (Murhaghan, C.J., dissenting and arguing that jurisdiction would be proper in either venue).[7]

We agree with the Fourth Circuit and hold that, at least in cases where the underlying criminal proceedings have concluded and the trial court no longer exercises any control over the subject property, the proper venue for a Rule 41(e) motion is the district in which the property was seized. We see this interpretation as conforming more closely to the language of the rule and to the practicalities of judicial administration. We therefore affirm the district court's refusal to exercise ancillary jurisdiction over the Toyota truck. As with the other items discussed above over which the court had no jurisdiction, this claim should have been dismissed without prejudice to refile in the district of seizure.

In summary, we AFFIRM the grant of summary judgment to the government with respect to all items EXCEPT the items discussed in Section III herein, to wit, the Cessna TU 206 aircraft Tail No. N7352G, $4,510 in United States currency, approximately three million pesos in Mexican currency, and the

---

[7]     Mr. Clymore cites the Tenth Circuit case of United States v. Wingfield, 822 F.2d 1466 (10th Cir. 1987), to urge that the district court should have exercised ancillary jurisdiction over the Texas truck. Wingfield, however, did not involve property seized in a jurisdiction different from the one which had presided over the criminal proceeding. The issue was not whether some other federal district court would have had jurisdiction over the res, but whether the trial court continued to have jurisdiction over a subsequent dispute between a local county agency and the Internal Revenue Service as to rights in the seized property.

ICOM portable transceiver with battery pack. We REVERSE the judgment of the district court as to those items and REMAND for further proceedings consistent with this opinion. We further REMAND with instructions that the claims for the return of the 1990 Honda EX-Accord, the Cessna TU aircraft Tail #N2691X, the 1988 Ford Truck, the approximately $2,000 in United States currency, and the 1982 Toyota truck be dismissed without prejudice.

This matter was initially treated in the district court as a motion under 28 U.S.C. § 2255. If this error has not already been corrected, the clerk for the district court for the district of New Mexico is directed to revise its docket to reflect that this case is brought pursuant to Fed. R. Crim. P. 41(e).