**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

————————————————

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

$11,557.22 IN U.S. CURRENCY,

    Defendant,

------------------------------

STANLEY POWELL,

    Claimant-Appellant.

No. 99-1196
(D. Colo.)
(D.Ct. No. 96-D-2902)

————————————————

**ORDER AND JUDGMENT**[*]

————————————————

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

————————————————

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

therefore ordered submitted without oral argument.

Appellant Stanley D. Powell appeals the district court's order granting summary judgment to the United States under 21 U.S.C. § 881(a)(6) for civil forfeiture of $11,557 after Mr. Powell's conviction on various drug charges. We affirm.

After receiving information from an informant concerning crack cocaine sales by Mr. Powell, law enforcement agents observed the same informant purchase crack cocaine from Mr. Powell on three occasions. Agents then obtained a search warrant and entered Mr. Powell's apartment, finding over seventy grams of crack cocaine, $1,557 in cash, and bank statements in his name. The next day, after obtaining a warrant authorizing seizure of Mr. Powell's bank accounts, agents discovered $10,000 in his Mountain States Bank account. Shortly thereafter, the government filed a complaint for civil forfeiture under 21 U.S.C. § 881, alleging the money in the account and cash discovered during the search were subject to forfeiture as proceeds of Mr. Powell's controlled substance offenses. The district court stayed all proceedings pending conclusion of Mr. Powell's criminal case. Thereafter, Mr. Powell received a conviction for four counts of possession with intent to distribute crack cocaine and one count of

aiding and abetting. We affirmed his conviction on appeal. *See United States v. Powell*, No. 97-1439, 1998 WL 794973 at *1 (10th Cir. Nov. 16, 1998) (unpublished disposition).

Following Mr. Powell's conviction and appeal, the government filed a motion for summary judgment seeking forfeiture of the cash seized. In support, the government offered evidence of Mr. Powell's conviction as well as affidavits establishing a substantial discrepancy between Mr. Powell's actual or reported income and the amounts he retained in his bank accounts and spent on various expenses. Specifically, Mr. Powell's income from mid-1994 through March of 1996 totaled only $11,959.04. Yet, during the same or similar period, he possessed inordinately large sums of cash, including $10,000 deposited in a Norwest Bank savings account; $10,000 deposited in the Mountain States Bank account[1]; and $1,550 in cash found in his possession at the time of his arrest. Affidavits also show significant expenses by Mr. Powell during this period, including purchase of a 1975 Mercedes-Benz for $4,000; payment of $10,000 cash from his Norwest Bank account for a criminal bond in another case; and at

---

[1] While the bank statement seized in the apartment search reflects deposits through June 30, 1996, totaling only $9,000, Mr. Powell apparently deposited another $1,000 in the Mountain States Bank account on July 1, 1996, which the bank statement does not reflect.

least $365 each month for rent.

Because Mr. Powell's deposits and expenses far exceeded his actual or reported income, the government suggested probable cause existed to show the money at issue stemmed from the proceeds of his illegal drug activity. Following a hearing on the government's motion, the district court granted summary judgment in favor of the United States for forfeiture of the $11,557 seized from Mr. Powell.

On appeal, Mr. Powell alleges that both the civil forfeiture action and his criminal conviction are "unlawful" or "illegal." Specifically, he claims the government's forfeiture action is illegal because it did not show a "sufficient nexus" between his money and the illegal activity. He suggests his arrest is illegal because the government lacked probable cause to enter his apartment, the district court improperly failed to suppress evidence obtained from his apartment, and insufficient evidence existed to support his underlying drug convictions.

Mr. Powell further asserts the district court: (1) improperly denied him a trial; and (2) denied his motion for recusal even though the district court acted with bias and prejudice against him during every stage of his criminal and

forfeiture proceedings. In support, Mr. Powell attaches documentation suggesting he is "the victim of manifest injustice, a governmental conspiracy and judicial corruption," as evidenced by the law clerks or staff attorneys who sabotaged his criminal appeal, this court's failure to either receive or read his pleadings, and a two-hour time zone difference between his location and the court proceedings which somehow negatively affected his case. We note that for the first time on appeal, Mr. Powell alleges violation of his due process and equal protection rights.

We review the district court's grant of summary judgment *de novo*, applying the same legal standard the district court used under Federal Rule of Civil Procedure 56(c). *Clymore v. United States*, 164 F.3d 569, 570 (10th Cir. 1999). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show no genuine issues of material fact, and the government, as the moving party, is entitled to judgment as a matter of law. *Id.* In applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to Mr. Powell as the party opposing summary judgment. *Id.* If no genuine issue of material fact is in dispute, then we determine if the district court applied the correct substantive law. *Id.* at 570-71. In applying these standards,

we construe Mr. Powell's *pro se* pleadings liberally, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

As to the parties' respective burdens in this case, the government bears the initial burden to show probable cause to support the forfeiture action, which in this case involves probable cause that the money seized came from Mr. Powell's drug sales. *See United States v. $149,442.43 in U.S. Currency*, 965 F.2d 868, 876 (10th Cir. 1992). This showing requires more than mere suspicion, but less than *prima facie* proof. *Id.* In sustaining this burden, we recognize that circumstantial evidence of drug activity may help establish probable cause, although the presence or absence of this or any single factor is not dispositive. *Id.* at 876-77. We also recognize that even a seemingly innocent activity may provide the basis for a showing of probable cause. *Illinois v. Gates*, 462 U.S. 213, 245 n.13 (1983).

Once the government establishes probable cause, the burden shifts to Mr. Powell to demonstrate by a preponderance of the evidence that the money is not subject to forfeiture or that a defense to forfeiture exists. *$149,442.43*, 965 F.2d at 876-77. If Mr. Powell fails to rebut the showing of probable cause, the government's showing of probable cause is sufficient to support a judgment of

forfeiture.  *Id.* at 877.

In this case, the government presented evidence of Mr. Powell's conviction along with affidavits of law enforcement agents and others which establish that he experienced unexplained wealth during the period of his illegal drug activity. Where, as here, Mr. Powell's verifiable income cannot possibly account for the level of wealth experienced or displayed, and where there is strong evidence of drug trafficking, probable cause exists to believe that his unexplained wealth is either a direct product of the illicit activity or is traceable to the activity as proceeds.  *See United States v. Thomas*, 913 F.2d 1111, 1114 (4th Cir. 1990).

Having determined the government met its burden of showing probable cause, we conclude Mr. Powell has not demonstrated by a preponderance of the evidence that the money at issue is not subject to forfeiture or that a defense to forfeiture exists.  Other than his own assertions, Mr. Powell has presented no evidence to rebut the presumption established.  Quite simply, he has not shown from where his unexplained wealth came.  As to his claim that his underlying conviction is illegal, we note Mr. Powell is collaterally estopped from asserting this as a defense to civil forfeiture of his money in light of the fact he was afforded a full and fair opportunity to litigate and appeal his conviction, including

the issues of whether (1) the government lacked probable cause to enter his apartment, (2) the district court properly dismissed his suppression motion, and (3) insufficient evidence existed to sustain his conviction. *See Klein v. Commissioner of Internal Revenue*, 880 F.2d 260, 262 (10th Cir. 1989); *United States v. Real Property*, 149 F.3d 472, 476 (6th Cir. 1998). Because Mr. Powell fails to make a sufficient rebuttal, the government's showing of probable cause is sufficient to support summary judgment for forfeiture. *See $149,442.43*, 965 F.2d at 877. Mr. Powell's claim that the district court improperly denied him a trial lacks merit because, as we have said, summary judgment is appropriate if no genuine issues of material fact exist and the government, as the moving party, is entitled to judgment as a matter of law. *See Clymore*, 164 F.3d at 570. Because summary judgment is appropriate in this case, we conclude the district court properly granted summary judgment in favor of the government.

We next turn to Mr. Powell's contention that the district court acted with bias and prejudice against him and improperly failed to grant his recusal motion. We review the denial of a motion to recuse only for an abuse of discretion. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992), *cert. denied*, 507 U.S. 1033 (1993). Under 28 U.S.C. § 144, Mr. Powell's affidavit supporting his recusal is construed against him, and there is a substantial burden on him, as the

-8-

moving party, to demonstrate that the judge is not impartial. *Burger*, 964 F.2d at 1070. "[C]onclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Rather, Mr. Powell's affidavit "must state with required particularity the identifying facts of time, place, persons, occasion and circumstances." *Id.*

In this case, a review of Mr. Powell's recusal affidavit establishes that it is based solely on his own conclusions, beliefs and opinions, and a review of the record shows the district court did not act with bias or prejudice in any of its rulings. Moreover, we find no support for Mr. Powell's claim that he is "the victim of manifest injustice, a governmental conspiracy and judicial corruption," based on his conclusory and offensive assertion that law clerks or staff attorneys somehow sabotaged his criminal appeal or that this court failed to either receive or read his pleadings. As to Mr. Powell's conclusory contention that the two-hour time zone difference somehow prejudiced his case, we will not construct arguments or theories for Mr. Powell absent any coherent discussion of the issue. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). For these reasons, we conclude the district court did not abuse its discretion in denying Mr. Powell's recusal motion.

Finally, as to Mr. Powell's conclusory allegations that the district court somehow violated his due process and equal protection rights, we do not ordinarily consider arguments raised for the first time on appeal, *see United States v. Alamillo*, 941 F.2d 1085, 1086 (10th Cir. 1991), or consider conclusory or unsupported constitutional allegations. *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981). Nevertheless, we take this opportunity, after a careful review of the record, to note that Mr. Powell's allegations are without merit. *See Alamillo,* 941 F.2d at 1086.

For these reasons, we **AFFIRM** the district court's summary judgment decision in favor of the government.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge