**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

OLAF PETER JUDA,

       Plaintiff-Appellant,

v.

DENNIS MICHAEL NERNEY,
Assistant U.S. Attorney, Northern
District of California; STEPHEN R.
KOTZ, Assistant U.S. Attorney,
Albuquerque, New Mexico; JOHN J.
KELLY, U.S. Attorney, Albuquerque,
New Mexico; MICHAEL
YAMAGUCHI, U.S. Attorney, San
Francisco, California; ROBERT L.
HOLLER, District Director, U.S.
Customs Service, El Paso, Texas;
LEONARD S. WALTON, Acting
Assistant Commissioner, U.S. Customs
Service, Washington, D.C.; BONNIE
L. GAY, FOIA Unit, Attorney-in-
Charge, Washington, D.C.; JOHN
AND JANE DOES 1-25; and UNITED
STATES OF AMERICA,

       Defendants-Appellees.

No. 99-2070
(D.C. No. CIV-96-584-JP)
(D.N.M.)

---

**ORDER AND JUDGMENT**  *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Olaf Peter Juda, proceeding pro se, appeals from the district court's order denying his requests for recovery of forfeited property and damages. We affirm in part, reverse in part, and remand in part for further proceedings consistent with this order and judgment.

## BACKGROUND

In July 1991, Juda was arrested off the coast of California for attempting to ship hashish from Asia to Canada.  Later, he pled guilty to two counts of drug smuggling and one count of arson on the high seas.  The conviction was affirmed on appeal.   See United States v. Juda   , 46 F.3d 961, 969 (9th Cir. 1995).  While Juda was in federal custody, the government seized his real and personal property located in New Mexico and conducted administrative forfeiture proceedings.   [1]

---

[1]     Administrative forfeiture of property valued at $500,000 or less, furnished
(continued...)

Juda subsequently filed lawsuits seeking the return of the forfeited property and damages for alleged violations of his due process rights. The district court dismissed all of his claims and Juda appealed.

This court affirmed in part, reversed in part, and remanded to the district court for consideration of specified issues. See Juda v. Nerney, Nos. 97-2192, 97-2326, 1998 WL 317474 (10th Cir. June 16, 1998) (unpublished) (Juda I). The district court was to determine on remand whether the twenty-month delay between seizure of Juda's real property and commencement of forfeiture proceedings against a $150,000 check (representing the proceeds from the sale of the property) amounted to a due process violation.[2] See id. at **6; see also

---

[1](...continued)
or obtained in exchange for a controlled substance, is authorized by statute. The government is required to send written notice of forfeiture proceedings to each party who may have an interest in the seized property and to publish notice of its intent to seize the property in a newspaper of general circulation once a week for three consecutive weeks. A potential claimant then has twenty days in which to file a claim and to post a bond. See 19 U.S.C. §§ 1608, 1607(a); 21 U.S.C. § 881(a).

[2] We also determined that the seizure of Juda's real property without preseizure process violated Juda's due process rights, entitling him to an equitable remedy. See Juda I, 1998 WL 317474, at **5 (relying on United States v. James Daniel Good Real Property, 510 U.S. 43, 46, 62 (1993), which held that, absent exigent circumstances, the Due Process Clause requires notice and a meaningful opportunity to be heard before government seizure of real property). Juda did not pursue this avenue for relief on remand and it is not at issue in this appeal.

In any event, the remedy for a Good violation is to release to the owner of the property the profits or rent attributable to the period of the illegal seizure.

(continued...)

-3-

United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency , 461 U.S. 555, 562-68 (1983) (discussing whether dilatory conduct on the part of the government in initiating civil forfeiture proceedings may violate a claimant's due process rights).

Concerning the forfeiture of Juda's personal property, we concluded that the government's failure to send notice to Juda's place of incarceration rendered its notice procedure inadequate. See United States v. Clark , 84 F.3d 378, 381 (10th Cir. 1996) (holding that, if the government is aware that an interested party is incarcerated, it is required to attempt to serve him with notice in prison). [3] Notwithstanding the government's lack of reasonable efforts to provide notice, however, the forfeitures were valid if Juda had actual notice of the pending proceedings. See United States v. Rodgers , 108 F.3d 1247, 1254-55 (10th Cir. 1997). We therefore remanded for further proceedings to determine whether Juda had received notice through another channel of communication. See Juda I , 1998

---

[2](...continued)
See Juda I at **6; see also United States v. Marsh , 105 F.3d 927, 931 (4th Cir. 1997). In the instant case, a monetary award attributable to the government's precipitate seizure would have been minimal.

[3] The forfeited personal property included a Jeep Cherokee, $40,000 recovered from a safety deposit box in Santa Fe, $50,000 recovered from a safety deposit box in Taos, $19,830 recovered from an Albuquerque bank, $8,753 from another Albuquerque bank, $19,882 from a Taos bank, and miscellaneous items valued at $1,134 taken from a storage locker. See Juda I , 1998 WL 317474, at **2; R., vol. 2, doc. 32 at 8.

WL 317474, at **6-7. In the event notice was lacking, the district court was to proceed to the merits of the forfeiture. See id. at **7 (citing United States v. Deninno , 103 F.3d 82, 86 (10th Cir. 1996)).

On remand, the district court referred the matter to a magistrate judge. After conducting an evidentiary hearing, the magistrate judge found that the twenty-month delay in initiating forfeiture of the proceeds from the sale of Juda's real property was attributable to legitimate concerns that civil discovery could jeopardize the criminal prosecution and also affect national security interests in nondisclosure of techniques for tracking suspects across international boundaries. Moreover, Juda failed to demonstrate that the postponement prejudiced his ability to contest the forfeiture proceedings. The magistrate judge concluded that the delay did not rise to the level of a due process violation.

With regard to the personal property forfeitures, the government did not attempt to show that Juda had actual knowledge or notice of the proceedings. Instead, it put on its proof that the seized personal property constituted the proceeds of criminal activity. Based on the evidence before him, the magistrate judge found that the seized personal property constituted the proceeds of criminal activity and was subject to forfeiture.

Consequently, the magistrate judge recommended the dismissal of all claims. Upon Juda's objections, the district court considered the issues de novo

and adopted the magistrate judge's order recommending dismissal with prejudice. This appeal followed.

## DISCUSSION

Generally, we review a district court's denial of a motion for return of forfeited property for an abuse of discretion. See Deninno, 103 F.3d at 84. A *de novo* standard applies, however, to the ultimate conclusion of whether a claimant's due process rights have been violated. See United States v. One Parcel of Real Property Described as Lot 41, Berryhill Farm Estates, 128 F.3d 1386, 1391 (10th Cir. 1997). We construe the pleadings and papers of a pro se appellant liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

### Real property issues

The Supreme Court has explained that, in determining whether delayed forfeiture proceedings violate a claimant's due process rights, courts should balance the interests of the claimant and the government. See Eight Thousand Eight Hundred & Fifty Dollars, 461 U.S. at 555-56. The following four factors are relevant: (1) the length of delay; (2) the reason for the delay; (3) the claimant's assertion of the right to a judicial determination; and (4) prejudice to the claimant. See id. at 556, 64. In the instant case, the district court properly considered the factors and concluded that Juda was afforded due process in

connection with the real-property forfeiture. Although a twenty-month delay is significant, the three other factors support the district court's determination that no constitutional violation occurred.

## Personal property issues

In instructing the district court to "proceed to evaluate the merits of Juda's arguments as to why the property is not subject to forfeiture" if notice of the personal property forfeitures was constitutionally inadequate, we relied on Deninno, 103 F.3d at 86. Juda I, 1998 WL 317474, at **7. In Deninno, a panel of this court stated that "[u]psetting the forfeitures because of the alleged procedural faults, when [claimant] appears to have no basis for the return of the property once the faults are remedied in new proceedings, would serve no purpose other than to waste limited judicial resources." 103 F.3d at 86.

After the filing of the order and judgment in Juda I, however, another panel issued Clymore v. United States, 164 F.3d 569 (10th Cir. 1999), which distinguished Deninno on the ground that "there was no statute of limitations problem apparent in Deninno," id. at 573. Clymore held that, in the Tenth Circuit, the consequence of constitutionally ineffective notice is that an administrative forfeiture is "void and must be vacated," because the statute of limitations has expired to prevent the refiling of a new forfeiture proceeding. 164 F.3d at 573. A void action is "'nugatory and ineffectual so that nothing can cure

it.'"  Easley v. Pettibone Mich. Corp. , 990 F.2d 905, 909 (6th Cir. 1993) (quoting *Black's Law Dictionary* 1573 (6th ed. 1990)).  To obtain entitlement to the contested property,  the government must initiate and complete a new forfeiture proceeding.

"Where obvious statute of limitations problems exist, . . . the offending forfeiture should be vacated and the statute of limitations allowed to operate, subject, of course, to any available government arguments against it."  Clymore, 164 F.3d at 574.  The district court may adopt the  Dennino  approach and evaluate the merits of a procedurally-defective forfeiture only if there is no apparent limitations problem.  See id. at 572 & n.4,5.

The limitations provision for forfeiture proceedings requires the commencement of proceedings "within five years after the time the alleged offense was discovered."  19 U.S.C. § 1621.  In this instance, Juda's crimes were discovered in 1991.  "[A]bsent the application of laches or equitable tolling principles," the limitations period has expired to prevent the filing of a new forfeiture proceeding.  United States v. Marolf , 173 F.3d 1213, 1217-18 (9th Cir. 1999).

Clymore  dictates the resolution of this issue.  Although we cannot fault the district court's conclusions, we must apply the law in effect at the time we issue our decision.  See First Nat'l Bank of Turley v. Fidelity & Deposit Ins. Co. , 196

F.3d 1186, 1188 (10th Cir. 1999). Moreover, "this panel cannot overturn the decision of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." United States v. Meyers, 200 F.3d 715, 720 (10th Cir. 2000) (citations omitted).

Clymore not only addressed the statute of limitations issue raised in this case, it explicitly distinguished Deninno. See id.164 F.3d at 573. Additionally, the Clymore panel stated that any "broader reading of Deninno to the effect that constitutionally defective notice of a forfeiture merely renders the subsequent forfeiture voidable rather than void would be contrary to our [prior case law]. Id. at 573, n.5. [4]

---

[4] We note that the Ninth Circuit has adopted the Clymore rule. See United States v. Marolf, 173 F.3d 1213, 1217 (9th Cir. 1999). However, the Sixth Circuit has recently disagreed with it:

> [W]e think that inadequate notices should be treated as voidable, not void, and that the proper remedy is simply to restore the right which [timely notice] would have conferred on the claimant: the right to judicially contest the forfeiture and to put the Government to its proofs under a probable cause standard. Thus, the Government is not required to institute "new" forfeiture proceedings, and the applicable statute of limitations, § 1621, therefore has no bearing.

United States v. Dusenbery, Nos. 98-4014, 98-4036, 2000 WL 19121, *5 (6th Cir. Jan. 13, 2000). The Second Circuit has taken a position similar to the Sixth Circuit's. See Adames v. United States, 171 F.3d 728, 732-33 (2d Cir. 1999)
(continued...)

Under the dictates of <u>Clymore</u>, we vacate the forfeitures of Juda's personal property and again remand the matter to the district court. On remand, the district court is to determine whether the government has a valid argument against the operation of the statute of limitations. If the government has no such argument, the forfeited personal property, or its monetary equivalent, should be returned to Juda.

## CONCLUSION

The district court's ruling concerning the forfeiture of the proceeds from Juda's real property is AFFIRMED. The court's ruling on the forfeiture of Juda's personal property is REVERSED and REMANDED for further proceedings consistent with this order and judgment. Juda's motion for a limited remand is DENIED as moot.

---

[4](...continued)
(upholding a defective forfeiture where the statute of limitations had expired, but defendant had admitted in plea agreement that all of his assets were subject to forfeiture); <u>Boero v. DEA</u>, 111 F.3d 301, 305-07 (2d Cir. 1997) (vacating forfeiture due to inadequate notice and requiring district court to entertain judicial forfeiture proceeding notwithstanding apparent expiration of statute of limitations). The First Circuit, in an unpublished case, overlooked inadequate notice where the claimant had no merits defense, but declined to express an opinion on whether it would reach the same result if the statute of limitations had expired. <u>United States v. Gagliardi</u>, No. 98-1078, 1999 WL 1338351, *4 & n.7 (1st Cir. June 24, 1999) (unpublished).

Entered for the Court


Bobby R. Baldock
Circuit Judge