UNITED STATES of America, Plaintiff,

v.

Andrew B. ROWZER, Defendant.

No. 98–40074–01–SAC.

United States District Court,
D. Kansas.

May 14, 2001.

Andrew B. Rowzer, Springfield, MO, pro se, Mark L. Bennett, Jr., Bennett, Hendrix & Moylan, L.L.P., Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion for return of property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure. (Dk. 90). In his motion, the defendant seeks the return of property seized by law enforcement officers on June 25, 1997, in the execution of a state search warrant on the defendant's residence located at 15318 "W" Road, Hoyt, Kansas. The defendant's motion lists property (a) through (t) as among the items seized during the search that he now wants returned. The government opposes the motion denying that the court has jurisdiction because the defendant's property was seized by state law enforcement officers pursuant to a state court warrant and was never possessed, actually or constructively, by the federal prosecutor.

The defendant baldly asserts in his motion that the state warrant was executed by law enforcement officers "of the Jackson County Sheriff's Office, Kansas Bureau of Investigation, Orange County California Sheriff's Office, Drug Enforcement Administration, and ATF." (Dk. 90, ¶ 1). The government denies that any federal DEA or ATF agents were involved in the execution of the search warrant and represents that the officers searching the defendant's residence were KBI agents and deputies with the Jackson County Sheriff's office. (Dk. 91, p. 2). The defendant has filed no reply nor offered any evidence to support his allegation that federal agents were involved in the search.

The defendant next asserts that he was charged in the District Court of Jackson County, Kansas, on firearm and drug offenses, and "the case was transferred" to federal court where he pleaded guilty to felony possession of a firearm and to money laundering and received a sentence of 108 months imprisonment. (Dk. 90, ¶¶ 2 and 3). The government explains that in the search of the defendant's residence the state officers found stolen property and more than a dozen firearms. The state officers' reports were forwarded to the Jackson County Attorney's office for prosecution on burglary, theft, possession of stolen property and weapons charges. The United States Attorney's office "eventually adopted the firearms case for federal prosecution," and the charges or case involving the stolen property remained with the Jackson County Attorney as this property lacked any "federal nexus." (Dk. 91, p. 3). The United States Attorney's office was not involved in and does not know the disposition of those charges involving the stolen property. The defendant has filed no reply that disputes any of the government's explanation of these proceedings.

## LAW AND ANALYSIS

■ "It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Bein*, 214 F.3d 408, 411 (3rd Cir.2000) (citations omitted), *petition for cert. filed*, 69 U.S.L.W. 3646 (Mar. 15, 2001) (No. 00–14). By its terms, Rule 41(e) of the Federal Rules of Criminal

Procedure permits a person who has had property seized to move the court for its return:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for a return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Though the criminal proceedings have terminated, a district court has jurisdiction to treat a Rule 41(e) motion "as a civil proceeding for equitable relief." *United States v. Bein*, 214 F.3d at 411 (citations omitted); *see United States v. Jones*, 215 F.3d 467, 469 (4th Cir.2000) ("a post-conviction Rule 41(e) motion is a civil action"); *United States v. Clark*, 84 F.3d 378, 381 (10th Cir.1996); *United States v. Maez*, 915 F.2d 1466, 1468 (10th Cir.1990), *cert. denied*, 498 U.S. 1104, 111 S.Ct. 1005, 112 L.Ed.2d 1087 (1991).

"A Rule 41(e) motion is governed by equitable principles" and is subject to "the district court's exercise of its equitable jurisdiction." *United States v. Grover*, 119 F.3d 850, 851 (10th Cir.1997) (citation omitted). "Rule 41(e) is an equitable remedy available only to a defendant who can show irreparable harm and an inadequate remedy at law." *United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir.) ("a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property" (citation omitted)), *cert. denied*, —— U.S. ——, 121 S.Ct. 591, 148 L.Ed.2d 506 (2000); *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir.1999) (available state avenues of relief are an adequate remedy at law). If the defendant "has state avenues of relief open

to him, he cannot show an inadequate remedy at law." *Clymore*, 164 F.3d at 571.

■ Because the property here was seized by state authorities, Rule 41(e) relief is available only if (1) federal authorities actually possess the property that the State first seized and then released to federal authorities; (2) federal authorities constructively possess the property that "was considered evidence in the federal prosecution;" or (3) state officials acted upon directions from federal officials in seizing the property. *Clymore v. United States*, 164 F.3d at 571. The defendant alleges the search here "was conducted in conjunction with, and at the direction of federal agents." (Dk. 90, ¶ 8). The defendant's bald assertion that federal agents directed or were involved with the search and seizure, "without more, is insufficient to establish the extensive federal possession or control necessary to make Rule 41(e) the appropriate vehicle by which to recover the state-forfeited property." *Clymore*, 164 F.3d at 571; *see Miller v. Reno*, 208 F.3d 214, 2000 WL 302786, at *1 (6th Cir. Mar. 17, 2000) ("Merely alleging involvement by federal authorities is insufficient to vest the district court with jurisdiction over such a claim.").

■ The defendant further alleges "the state deferred to the United States in all aspects of prosecution, including criminal prosecution and civil forfeitures of property" making Rule 41(a) the proper vehicle for relief. (Dk. 90, ¶ 8). This unsupported allegation also does not suffice to confer jurisdiction here. The United States may have taken over the federal prosecution for the firearms violations, but there is no indication that the United States ever constructively possessed these other listed items, i.e., considered them to be evidence in the federal prosecution or otherwise obtained or exercised any power or control over them. Indeed, the government makes the uncontested representations that these items remained in the exclusive custody of the Jackson County Sheriff's office and that the charges regarding them were left with the Jackson County Attorney for resolution. For these reasons, the United States "is not the appropriate party from which to request

... [the] return" of this property listed in the defendant's motion, *see United States v. Solis,* 108 F.3d 722, 723 (7th Cir.1997), and this court lacks subject matter jurisdiction over this same property. Additionally, the defendant is not without an adequate remedy at law, for he has the state avenue of relief available to him.

IT IS THEREFORE ORDERED that the defendant's motion for return of property pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure (Dk. 90) is dismissed without prejudice for lack of subject matter jurisdiction.