*1167 LUCERO, Circuit Judge,
concurring.
I join the majority opinion in all respects, save Part II, as to which I concur in the result. I cannot join Part II because the appropriate standard of review for examining whether the government has satisfied the necessity requirement of 18 U.S.C. § 2518(l)(c) was settled in United States v. Armendariz, 922 F.2d 602 (10th Cir.1990), as being review for abuse of discretion.[1]
Under Haynes v. Williams, “[a] published decision of one panel of this court constitutes binding circuit precedent constraining subsequent panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.” 88 F.3d 898, 900 n. 4 (10th Cir.1996). A corollary to this principle is that when faced with an intra-circuit conflict, “a panel should follow earlier, settled precedent over a subsequent deviation therefrom.” Id.; see also King of the Mountain Sports, Inc. v. Chrysler Corp., 185 F.3d 1084, 1089 n. 1 (10th Cir.1999) (“To the extent that a more recent panel decision conflicts with the standard of review enunciated in prior Tenth Circuit authority, we are bound by the earlier cases.” (citing Clymore v. United States, 164 F.3d 569, 573 n. 5 (10th Cir.1999))).
The majority concludes that Armendar-iz does not preclude de novo review because Amnendariz’s articulation of the standard of review “cannot be described as ‘settled.’ ” (Maj. Op. at 1162.) I disagree. Armendariz settled this point of law when it announced the relevant standard of review for the first time in a published opinion that has yet to be overruled by the en banc court. As settled precedent, Armen-dariz cannot be dismissed by subsequent panels.[2]
The panel could have sought en banc review of the standard of review as was done in Romano v. Gibson, 239 F.3d 1156 (10th Cir.), cert. denied, — U.S.-, 122 S.Ct. 628, 151 L.Ed.2d 548 (2001), where the panel was similarly faced with an intra-circuit conflict. The Romano panel concluded that the earlier, binding, authority was incorrect; however, it was constrained by the principle that “[w]hen confronted ... with inconsistent Tenth Circuit holdings, we are generally bound by the first decision.” Id. at 1169. The issue was therefore submitted to the en banc court, which reconsidered the earlier authority and allowed the panel to apply the rule announced in the subsequent cases. Id.
I conclude that absent en banc reconsideration, we are bound by Armendariz.

. "Although we examine de novo whether a full and complete statement was submitted meeting section 2185(l)(c)'s requirements, we review the conclusion that the wiretap[ ][was] necessary in each situation for an abuse of discretion.” Armendariz, 922 F.2d at 608 (quotation omitted).

. Moreover, the Armendariz articulation of the standard of review is more consistent with the jurisprudence of our sister circuits than the majority’s analysis.