## UNITED STATES of America, Plaintiff–Appellee,

v.

## George Chukwuemeka OBI, Defendant–Appellant.

No. 03–1831.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Rehearing Denied Aug. 13, 2004.

Rita E. Foley, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

George Chukwuemeka Obi, White Deer, PA, pro se.

Before MARTIN and SUTTON, Circuit Judges; and WILLIAMS, District Judge.*

## ORDER

George Chukwuemeka Obi, proceeding pro se, appeals from a district court judgment denying his motion for the return of property filed under Fed.R.Crim.P. 41(e).

---

* The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, in September 2000, Obi was arrested following a drug transaction. Incident to the arrest, officers from the Detroit Police Department ("DPD") impounded his Mazda MX–V6. Subsequently, officers from the DPD executed a search warrant at Obi's residence and seized several items.

Subsequently, Obi was convicted in federal court of conspiracy to possess and distribute heroin in violation of 21 U.S.C. §§ 846 and 841 and 18 U.S.C. § 2. The court sentenced him to sixty-three months of imprisonment and four years of supervised release.

In November 2002, Obi filed his Rule 41(e) motion, seeking the return of a Cartier watch, an electronic DVD player, an Iceberg waist belt, $3,450 in cash, and a Mazda MX–V6. Upon review, the district court denied the motion because the property had not been in the custody of the federal government.

Obi has filed a timely appeal, essentially reasserting his claim. He has also filed a "motion for summary judgment" and a motion for judicial notice.

Upon review, we conclude that the district court properly denied Obi's motion for the return of property. A court confronted with a Rule 41(e) motion for the return of property filed after the close of criminal proceedings is to treat the request as a civil action in equity. *See United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990). This court will review the proceedings to determine whether the district court abused its discretion in properly balancing the competing equities in deciding whether the return of property was in order. *Id.* An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made, *United States v. Tocco,* 200 F.3d 401, 420 (6th Cir.2000), and a court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Harper v. Parker,* 177 F.3d 567, 571–72 (6th Cir.1999).

The district court did not abuse its discretion when it denied Obi's motion for the return of property. There is no evidence of record to show that the property in question was ever in the possession of the federal government. Rather, Obi's vehicle was impounded by state police officers, and the seizure of property from Obi's residence was conducted by state police officers, pursuant to a search warrant issued by a Michigan state court. The affidavit in support of the warrant was completed by state officials and filed in state court, and the notice of forfeiture clearly indicated that any claim for the return of property needed to be made with the DPD. Obi does not dispute any of these facts. Hence, the record reflects that the federal government did not actually possess Obi's vehicle or the cash seized during the execution of the search warrant.

Furthermore, Laura Tucker, an Asset Forfeiture Specialist for the Drug Enforcement Agency, averred that the remaining items were never in the control of the federal government. Hence, Obi has failed to carry his burden of showing real or constructive possession of the property by the federal government. *See Clymore v. United States,* 164 F.3d 569, 571 (10th Cir.1999). For these same reasons, there is nothing in the record to indicate that the state officials were acting under the direction of the federal government. *Id.*

Finally, Obi argues that his property should be returned because the law enforcement agents' actions were illegal. We will not consider this argument because Obi did not raise it in the district court. Unless exceptional circumstances are present, this court normally will not address an issue not first raised in the district court. *See Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.

Accordingly, we deny the pending motions and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.