United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30482
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALFONZO MASON,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:00-CR-30019
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Alfonzo Mason, federal prisoner # 10614-035, appeals from

the district court's denial of his motion for return of property

seized during a search by the Madison Parish (La.) Sheriff's

Office in June 1999.  Mason specifically refers to a wallet and

$6,814.00 in cash.  This items were introduced as evidence

during Mason's 2000 federal trial on drug-trafficking charges;

after the convictions were vacated by this court in 2002, Mason

pleaded guilty to a federal drug-trafficking conspiracy count in

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

2003 and is serving a 151-month prison sentence. Except for their use in the federal trial, the items sought by Mason have been in the custody of state authorities since 2000, pursuant to a state forfeiture order.

In his FED. R. CRIM. P. 41(g) motion for return of property, Mason contended that the seizure of the wallet and cash violated his due process rights because he was not timely notified in accordance with Louisiana law. In denying equitable relief, the district court adopted the reasoning of the Government, which had argued that the court lacked jurisdiction to grant Mason equitable relief when he had an adequate remedy under state law.

We construe the Rule 41(g) motion as a civil action for return of property because the criminal proceedings against Mason have concluded. See United States v. Robinson, 434 F.3d 357, 361 (5th Cir. 2005). Such a lawsuit invokes the general equity jurisdiction of the federal courts under 28 U.S.C. § 1331. See Pena v. United States, 122 F.3d 3, 4 n.3 (5th Cir. 1997). Equitable relief is not appropriate if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. Richey v. Smith, 515 F.2d 1239, 1243-44 (5th Cir. 1975). "Whether to exercise [equitable] jurisdiction in a given case is subject to the sound discretion of the district court." Industrias Cardoen, Ltda. v. United States, 983 F.2d 49, 52 (5th Cir. 1993).

Citing <u>Clymore v. United States</u>, 164 F.3d 569 (10th Cir. 1999), Mason argues that the instant case falls into "limited circumstances" in which a federal motion may used as a vehicle for return of property held by state authorities. Mason, however, has failed to address the Government's threshold contention––adopted as a conclusion by the district court in its order denying his motion––that he had an adequate remedy at state law. This is the same as if he had not appealed the basis of the court's legal ruling. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987). Mason has not established that the district court abused its discretion in declining to grant him equitable relief. <u>See</u> <u>Richey</u>, 515 F.2d at 1243-44; <u>see</u> <u>also</u> <u>Clymore</u>, 164 F.3d at 571.

Accordingly, we AFFIRM the judgment of the district court.