**UNITED STATES of America, Plaintiff,**

v.

**Duaryl STORY, Defendant.**

**No. CRIM. 98–304 ADM/AJB.**

United States District Court, D. Minnesota.

March 9, 2001.

Andrew Dunne, Esq., Assistant U.S. Attorney, on behalf of the Plaintiff.

Duaryl Story, Defendant, pro se.

### MEMORANDUM OPINION AND ORDER

MONTGOMERY, District Judge.

## I. INTRODUCTION

This matter is before the Court on Defendant Duaryl Story's post-conviction motion [Doc. No. 36] pursuant to Federal Rule of Criminal Procedure 41(e) for return of property from Plaintiff United States.

## II. BACKGROUND

On October 19, 1998, the Minnesota Gang Strike Force ("MGSF") discovered that a 1996 Lexus ("Lexus") was being used to deliver illegal drugs after a MGSF informant bought drugs from its passengers in a controlled buy. Fedo Aff. Ex. D. The Lexus was registered to Ricco Moore ("Moore"), whose driver's license listed 4839 Fremont Avenue North in Minneapolis, MN as his residence. *Id.* On October 21, the MGSF conducted a trash search at Moore's address and discovered over 100 grams of crack cocaine, more than a kilo of powder cocaine, a semi-automatic handgun, a .357 magnum, five pipe bombs and components for constructing explosives. *Id.* While carrying out surveillance of Moore's address that same day, MGSF officers arrested Duaryl Story as he left the residence. *Id.* Ex. E. The MGSF then executed state search warrants against 4839 Fremont Avenue North and the Lexus, seizing currency, personal property, and the Lexus. *Id.* Ex. B.

As a result of these events, Story was charged with federal criminal drug and weapon violations in United States District Court. [Doc. No. 7]. He eventually pled guilty to possession with intent to distribute cocaine and crack cocaine, felon in possession of a firearm, and possession of unregistered firearms. [Doc. No. 16]. The undersigned United States District Judge accepted Story's plea and entered judgment March 24, 1999. Story was sentenced to concurrent prison terms of 178 and 120 months, to be followed by five years of supervised release. [Doc. No. 18].

## III. DISCUSSION

Story now moves for the return of property seized by the MGSF under Rule 41(e) of the Federal Rules of Criminal Procedure. The United States contends that this Court does not have jurisdiction over

the seized property because it is not within the actual or constructive possession of the United States as it was seized by state officials and is currently possessed by the MGSF.[1] The United States also avers that even if they do constructively possess the items, this Court should deny Story recovery as to some items on the basis that they are illegal for him to own. Story argues that the United States constructively possesses the seized property because the federal government instigated the seizure and/or the federal government used the seized property as evidence against him in his prosecution. The seized items include the Lexus, two firearms, ammunition, clothing, miscellaneous papers and receipts, plastic baggies, IDs, a wallet, keys, cellular phones, and over a thousand dollars of U.S. currency. Fedo Aff. Ex. B.

## A. Applicable Law

Rule 41(e) of the Federal Rules of Criminal Procedure states that a "person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property .... " Fed.R.Crim.P. 41(e). Thus, under Rule 41(e) a person may ask a district court to force the government to restore seized property that the movant is lawfully entitled to possess. *United States v. Felici*, 208 F.3d 667, 670 (8th Cir.2000) (citation omitted). "[T]he government is entitled to seize evidence for use in investigation and trial, but [the] property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Chambers*, 192 F.3d 374 (3d Cir.1999) (citation omitted). "Post-conviction filings for

the return of property seized in connection with a criminal case are treated as civil equitable actions, and the district court where the claimant was tried has subject matter jurisdiction ancillary to its criminal jurisdiction to hear the equitable action." *Thompson v. Covington*, 47 F.3d 974 (8th Cir.1995).

Although Rule 41(e) actions normally concerns property seized by federal officials, in some situations it can be used to force the federal government to return items seized by state officials. *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir.1999). These circumstances include where the United States actually possesses the property or constructively possesses the property by: (1) using the property as evidence in the federal prosecution; or (2) where the federal government directed state officials to seize the property in the first place. *Id.; see United States v. Fabela–Garcia*, 753 F.Supp. 326, 328 (D.Utah 1989) (property seized by state authorities as part of investigation ultimately resulting in federal prosecution is within federal jurisdiction). If there are questions of fact as to whether it is legal for the petitioner to own the property, the district court must conduct a hearing to make a factual determination. *Felici*, 208 F.3d at 670; *see* Fed.R.Crim.P. 41(e). A petitioner cannot use Rule 41(e) to obtain property that has been forfeited in a state judicial proceeding. *See Clymore*, 164 F.3d at 571 n. 2.

## B. Items

Story's motion seeks all the items listed on the MGSF's seized evidence receipt. In addition to the Lexus, the MGSF's evidence receipt lists two firearms (Item Nos. 1 & 2), ammunition (No. 12), clothing (Nos.3, 4, 8), hats (Nos.10, 19),

---

**1.** The United States relates that the MGSF has agreed to turn over some of the items to Story at his request if he can prove ownership.

miscellaneous papers (Nos.5, 9, 13, 14, 16, 20, 22, 23), a calling card (No. 9), a checkbook in the name of Toua Lor/Mee Yang (No. 14), plastic baggies (No. 15), a Minnesota drivers license in the name of Phillip Hamade (No. 25), Story's wallet (No. 17), $1,093 from Story's wallet (No. 18), keys (No. 24), a scale (No. 7), three cellular phones (Nos.11, 21), a Lexus catalog (No. 6), and a calling card (No. 6) as the items seized by the MGSF. Def.'s Br. Ex. A. The United States contends that it does not possess these items and that as a result, Story's Rule 41 motion cannot compel them to return the property. However, because these items were seized as part of an investigation that resulted in Story's federal prosecution, the United States has constructive possession over the items. *See Fabela–Garcia,* 753 F.Supp. at 328.

■ Story's motion is primarily concerned with the return of the Lexus and currency. The United States does not contest Story's original ownership of the wallet and currency (Item Nos. 17 & 18), with the exception of $100 he owes the United States in a special assessment from the judgment against him. [Doc. Nos. 18 & 40]. Accordingly, the United States should return the wallet and $993 to Story and consider his special assessment obligation satisfied.

■ Other than the wallet and the currency, which the evidence receipt lists as being taken from Story's person, the remaining items were apparently seized from the Lexus and Fremont residence. These items include the cell phones (Item No. 11, 21), clothing (Item Nos. 3, 4, 8), hats (Item Nos. 10, 19), Lexus catalog (Item No. 6), miscellaneous papers (Item.Nos.5, 9, 13, 14, 16, 20, 22, 23), a calling card (Item No. 6), and keys (Item No. 24). There are questions of fact as to whether Story originally owned these items because several individuals lived at the Fremont address

from which they were seized. Thus, there are issues of Story's original ownership of the items. Should Story prove the aforementioned items are his, the United States shall return them to him. If the United States does not accede to a Story request for these items, a hearing will be required to establish Story's ownership.

■ Although Story seeks ownership of the Lexus, there is no question of fact that the United States does not have jurisdiction over it. The vehicle was forfeited in a Minnesota state proceeding, Fedo Aff. Ex. G, H, divesting this court of any jurisdiction or ability to grant Story remedy under Rule 41. *See Clymore,* 164 F.3d at 571 n. 2.

■ Moreover, no hearing is required to determine that Story may not recover some of the items under Rule 41(e) because there is no question of fact that his possession of them would be illegal. First, Story may not recover the Minnesota Driver's License made out to "Phillip Hamade" (Item No. 25). Story used the name Philip Hamade as an alias, and it is a false identification. Fedo Aff. Ex. E. Because there is no question of fact that this item is unlawful for him to possess, he may not recover this item. *See* Minn.Stat. § 609.63. Likewise, the two guns and ammunition (Item Nos. 1, 2, 12) seized cannot be lawfully owned by Story, a felon. *See* 18 U.S.C. § 922(g). Story is not entitled to their return under any factual scenario. Moreover, no question of fact is raised regarding Story's ownership of the checkbook in the name of Toua Lor/Mee Yang (Item No. 14). Thus, this item need not be returned to Story.

■ Story also seeks recovery of plastic baggies (Item No. 15) and a scale (Item No. 7) seized by the MGSF. The United States asserts that they were used in the drug trafficking operation and thus

are contraband and illegal for Story to possess as a matter of law. However, the Eighth Circuit has clearly held that such alleged "drug-related materials" are not "contraband per se." *See Felici,* 208 F.3d at 670. "Contraband per se is property the mere possession of which is unlawful." *Id.* (quoting *United States v. Eighty–Eight Thousand, Five Hundred Dollars,* 671 F.2d 293, 297 n. 9 (8th Cir.1982). A court cannot refuse to return property that is not contraband per se without an evidentiary hearing to determine the legality of ownership. *Id.* Apart from the issue of the legality of Story's ownership, there are questions as to whether these items belong to Story in the first place. The United States' agreement to return these items to Story after he produces evidence of his ownership of such items would obviate the need for a hearing.

Both the United States and Story shall notify the Court by May 1, 2001 as to whether a hearing is desired to determine ownership of any of the items remaining in controversy.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion for Return of Property [Doc. No. 36] is GRANTED IN PART;

2.  Plaintiff return $933 and wallet to Defendant;

3.  Plaintiff return clothing, hats, keys, calling card, miscellaneous papers, and phones to Defendant, subject to proof of his ownership;

4.  Defendant's Motion for Return of Property [Doc. No. 36] is DENIED IN PART;

5.  Defendant may not recover the Lexus, firearms, ammunition, Lor/Yang checkbook, or Hamade ID;

6.  Both Plaintiff and Defendant shall notify the Court by May 1, 2001 as to whether a hearing is desired to determine ownership of any of the items remaining in controversy; and

7.  A copy of this order shall be sent to all parties of record.