**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDDIE KAY COPEMAN,

Defendant - Appellant.

No. 04-7099

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**[*]
**(D.C. NO. CR-03-09-01-WH)**

Eddie Kay Copeman, pro se.

Gordon B. Cecil, Assistant United States Attorney, (Sheldon J. Sperling, United States Attorney, and Ryan M. Roberts, Assistant United States Attorney, with him on the brief), Muskogee, Oklahoma, for Plaintiff-Appellee.

Before **TACHA**, Chief Circuit Judge, **HARTZ** and **TYMKOVICH**, Circuit Judges.

**HARTZ**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Eddie Kay Copeman was convicted in the United States District Court for the Eastern District of Oklahoma on seven counts of an indictment, all involving drug and firearms offenses. His convictions have been upheld on appeal. *See United States v. Copeman*, Nos. 04-7003 & 04-7004, 2006 WL 1793258 (10th Cir., June 30, 2006). In this related appeal he challenges the district court's denial of his postconviction motion under Fed. R. Crim. P. 41(g)[1] for return of certain property seized by Oklahoma law-enforcement officers during the investigation that led to the federal charges against him. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Rule 41(g) provides:

> **(g) Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"Rule 41([g]) is an equitable remedy, . . . available to [the movant] only if he can show irreparable harm and an inadequate remedy at law." *Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999).

---

[1]Rule 41 was amended in 2002 as part of the general restyling of the Federal Rules of Criminal Procedure. What was formerly Rule 41(e) is now Rule 41(g), with only stylistic changes.

As conceded by Mr. Copeman, the property in question was seized by state law-enforcement officers. Nevertheless,

> there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.

*Id.*

It is not contested that the property at issue has been continuously in the physical custody of the state and most, if not all, of it was the subject of state judicial-forfeiture proceedings when Mr. Copeman filed his Rule 41(g) motion.[2] (Nothing in the record indicates the present status of those proceedings.) Nor does Mr. Copeman suggest that any of the property he seeks was ever considered potential evidence for his federal prosecution. He argued below, however, that the United States is in "constructive possession" of the property "because Defendant's case was clearly prosecuted by the United States, and there are 'NO' state charges failed [sic] against Defendant." Supp. R. Doc. 139 at 1.

The district court dismissed the motion with prejudice, ruling that "1) the United States is not currently in actual or constructive possession of said property, and 2) the defendant has an adequate remedy at law in the courts of the

_____

[2]Mr. Copeman suggests that some seized property has not been the subject of state judicial-forfeiture proceedings, but he fails to identify specifically even one item.

-3-

State of Oklahoma." *Id*. Doc. 156 at 2. "Generally, we review a district court's denial of a Rule 41([g]) motion for an abuse of discretion." *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1182 (10th Cir. 2005). We agree with both grounds of the district court's decision, and hold that it did not abuse its discretion. Although either ground would suffice for denial of the motion, we will address both.

First, as we said in *Clymore*, property seized and held by state law-enforcement officers is not in the constructive possession of the United States for Rule 41(g) purposes unless it is being held for potential use as evidence in a federal prosecution. 164 F.3d at 571; *see also United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997) ("Nor does the record affirmatively establish that the vehicle was ever considered evidence in the federal prosecution; therefore, even if we were to accept the concept of constructive possession, . . . there would be no basis for relief."). Absent such potential use, the United States has no interest in the property.

Mr. Copeman cites two district-court opinions to support his claim that a state's decision to defer prosecution to the United States confers constructive possession of all property seized during the investigation. In *United States v. Story*, 170 F. Supp. 2d 863, 865 (D. Minn. 2001), the property in question was seized and held by state authorities, but the investigation led to a guilty plea in federal court. Citing *Clymore*, the court said that Rule 41(g) "can be used to

force the federal government to return items seized by state officials" when "the United States actually possesses the property or constructively possesses the property by: (1) using the property as evidence in the federal prosecution; or (2) where the federal government directed state officials to seize the property in the first place." *Id*. at 866. Yet then, without explanation, the court went beyond *Clymore* in concluding that, "because these items were seized as part of an investigation that resulted in Story's federal prosecution, the United States has constructive possession over the items." *Id*. at 867. To the extent that *Story* holds that federal prosecution alone confers on the federal government constructive possession of each item of property seized by a state during an investigation, regardless of whether the item is being held for federal authorities as potential evidence, it conflicts with *Clymore* and we reject it.

We similarly limit our approval of the second case Mr. Copeman cites, *United States v. Fabela-Garcia*, 753 F. Supp. 326 (D. Utah 1989), an opinion that predates *Clymore*. In *Fabela-Garcia* the property in question was seized by the state and remained in state possession. But the court ruled that it had jurisdiction on the ground that the federal government had "constructive possession of the property" because the state had "deferred to the United States in *all* aspects of the prosecution." *Id*. at 328. As an alternative ground for jurisdiction, the court noted its prior ruling that property had been seized illegally, and said that a court must be able "to vindicate and enforce the consequences of its own order." *Id*. at

329. Of course, our later decision in *Clymore* deprives the ruling on the first ground of any authority in this circuit to the extent that *Fabela-Garcia* was basing constructive possession on federal prosecution alone, even when the state's holding of the property had not been for the benefit of that prosecution. We express no view on the court's alternative holding. (Although the district court had ruled before Mr. Copeman's trial that some items may have been improperly seized, Mr. Copeman did not raise this as a basis for his motion seeking return of the property.) Accordingly, we are not persuaded by Mr. Copeman's reliance on *Fabela-Garcia*.

We can also readily affirm the district court's ruling that Mr. Copeman has an adequate remedy in state court. When "state avenues of relief [are] open to [the movant], he cannot show an inadequate remedy at law." *Clymore*, 164 F.3d at 571. *See id.* (Rule 41(g) is not available to challenge state judicial-forfeiture proceedings because they provide an adequate remedy); *cf. United States v. Akers*, 215 F.3d 1089, 1106 (10th Cir. 2000) ("This court has held that a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property."); *Frazee v. IRS*, 947 F.2d 448 (10th Cir. 1991) (Rule 41(g) motion properly dismissed when federal judicial-forfeiture proceeding had been commenced). Mr. Copeman contends that the state proceedings do not provide an adequate remedy because the state courts lack jurisdiction. But his only apparent argument why the state lacks jurisdiction is that the federal

government has constructive possession of the property, an argument we have already rejected. Also, to the extent that Mr. Copeman contends that state judicial-forfeiture proceedings do not provide an adequate remedy because he has a greater burden of persuasion in those proceedings, we do not think that such a difference, even assuming that it truly exists, renders the state remedy inadequate. A remedy may still be adequate, even if imperfect. *See, e.g.*, *Women's Equity Action League v. Cavazos*, 906 F.2d 742, 751 (D.C. Cir. 1990) (Ginsburg, R. B., J.) ("[S]ituation-specific litigation affords an adequate, even if imperfect, remedy."); *Superintendent of Ins. v. Ochs* (*In re First Cent. Fin. Corp.*), 377 F.3d 209, 216 (2d Cir. 2004) ("[T]hat does not mean its remedy is legally inadequate, simply that it is imperfect.").

We AFFIRM the judgment of the district court.