**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDDIE KAY COPEMAN,

Plaintiff-Appellant,

v.

MANUAL BALLARD; STEVEN
FIORETTI; CLINT CRAFT; BRIAN
HALE; COUNTY OF HASKELL,

Defendants-Appellees.

No. 05-7085

(D.C. No. CIV-04-436-WH)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HOLLOWAY**, and **BALDOCK**, Circuit Judges.[**]

Plaintiff Eddie Kay Copeman is spending thirty years in federal prison after a jury

convicted him on one count of conspiracy with intent to distribute more than 500 grams of

methamphetamine and six additional counts involving drug and firearms offenses. We

affirmed Plaintiff's (and his common-law wife's/co-defendant's) convictions on appeal.

United States v. Blunt, 187 Fed. Appx. 821 (10th Cir. 2006) (unpublished). The relevant

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

facts are ably set out in our prior opinion and we need not repeat them here. Suffice it to say that following our decision, Plaintiff filed in the district court a post-conviction "Motion to Return Property" under Fed. R. Crim. P. 41(g). Therein, Plaintiff sought the return of certain property which Oklahoma law enforcement officers seized during their underlying investigation. At the time, that same property (some of which we suggested in Blunt *may* have been improperly seized) was the subject of state judicial forfeiture proceedings. In re 119 Head of Cattle, No. C-2002-209 (Haskell County, Okla. Dist. Ct., filed Nov. 1, 2002); In re 1998 Chevrolet Pickup, No. C-2002-232 (Haskell County, Okla. Dist. Ct., filed Dec. 9, 2002). We affirmed the district court's denial of Plaintiff's Rule 41(g) motion, holding, among other things, that the state forfeiture proceedings provided Plaintiff with an adequate means for challenging the seizure. United States v. Copeman, 458 F.3d 1070, 1073 (10th Cir. 2006). Unbeknownst to us, the state court on December 10, 2004, had entered final orders directing forfeiture of the subject property. The orders specifically recognized Plaintiff as a respondent who was represented by counsel in the state proceedings.

Plaintiff, appearing pro se, filed the present § 1983 action in September 2004 (three months prior to entry of judgment in the state forfeiture proceedings) against those state officials allegedly responsible for the seizure of his property. According to Plaintiff, state law enforcement officials relied on false affidavits to obtain the warrants authorizing the seizure and then exceeded the scope and terms of the warrants in seizing everything but the

kitchen sink.[1]  What resulted, according to Plaintiff, was an unconstitutional seizure of his property.  Plaintiff wants his property returned or, in the alternative, Defendants to pay him for it:

> Based on the facts and circumstances of this case, Plaintiffs are hereby requesting either the release or return of all property seized in regards to the warrants issued in Plaintiffs' case . . . with reasonable compensation for any missing property and all storage fees and costs paid by the Defendants, or $2 million in compensatory relief.

Pltf's Complaint ¶ 28.  The district court granted summary judgment to Defendants for a myriad of reasons.  We now summarily dispose of Plaintiff's appeal on the basis of res judicata.[2]

---

[1]  According to the complaint:  Defendant Manual Ballard, the sheriff of Haskell, County, Oklahoma, shares responsibility for the unlawful seizure.  Defendant Steven Fioretti, a state drug task force agent, is responsible for procuring and executing the warrants.  Defendant Clint Craft, a state highway patrol officer, assisted in executing the warrants.  Defendant Brian Hale, an undersheriff of Haskell County, also assisted in executing the warrants.

[2]  Although Defendants have not raised and the district court did not address the defense of res judicata, "[i]t is well established that a court may raise the issue of preclusion on its own motion in appropriate cases."  See  Burrell v. Armijo, 456 F.3d 1159, 1176 (10th Cir. 2006) (citing cases); see also United States v. Hauk, 412 F.3d 1179, 1185 (10th Cir. 2005) (appeals court is "free to affirm the district court's decision on any ground supported by the record").  This is an appropriate case because, as the entirety of our discussion illustrates, Plaintiff seeks to undermine the state court's forfeiture orders by challenging the underlying seizure.

3

I.

A federal court must give to a state court judgment the same effect such judgment would have in the courts of that state. Thus, we need ascertain what preclusive effect, if any, Oklahoma courts would give to the aforementioned orders of forfeiture. See Fox v. Maulding, 112 F.3d 453, 456 (10th Cir. 1997). In Oklahoma, the doctrine of claim preclusion, also known as res judicata, precludes a party to the prior action "from relitigating not only the adjudicated claim but also any theories or issues that were actually decided or *could have been* decided, in that action." Wilson v. Kane, 852 P.2d 717, 722 (Okla. 1993) (citing Restatement (Second) of Judgments (1982)).[3] In other words, res judicata bars not only relitigation of those issues that were or might have been offered to sustain the claim, but also all defenses that were or might have been offered to defeat the claim. See Panama Processes, S.A. v. Cities Serv. Co., 796 P.2d 276, 291 (Okla. 1990); accord Fox 112 F.3d at 458 (explaining that if plaintiffs had raised their claims in the prior action, "they may have been a complete defense"). Consistent with the foregoing, the Supreme Court has explained that a judgment on the merits "'is a finality . . . not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" Nevada v. United States, 463 U.S. 110,

---

[3] That Defendants in this case were not parties to the state forfeiture proceedings is inconsequential under Oklahoma law. See Anco Mfg. & Supply Co. v. Swank, 524 P.2d 7, 13 (Okla. 1974) (approving application of estoppel principles to bar claimant's action against "strangers" to prior judgment).

129-30 (1983) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)).[4]

To be sure, a party's failure to allege certain facts either as a defense or as a counterclaim does not always preclude that party from relying on those facts in a subsequent action. See Restatement (Second) of Judgments § 22 cmt. b (1982) (hereinafter "Restatement"). But where the successful pursuit of a federal claim based on such facts would undermine a prior state judgment or impair rights established thereby, such claim cannot survive application of res judicata principles. See Fox, 112 F.3d at 457-58 (applying Oklahoma preclusion principles and citing Restatement § 22(2)(b));[5] accord Circle v. Jim Walters Homes, Inc., 654 F.2d 688, 691-92 (10th Cir. 1981). "Judicial economy is not the only basis for the doctrine of res judicata. Res judicata also preserves the integrity of judgments and protects those who rely on them." Martino v. McDonald's Sys., Inc., 598

---

[4]     Thus, for example; a judgment rendered upon a promissory note is conclusive as to the validity of the instrument and the amount due upon it, although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, such as forgery, want of consideration or payment. If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence.

Cromwell, 94 U.S. at 352.

[5] Section 22(2)(b) provides:

(2) A defendant who may interpose a claim as a counterclaim in any action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:
                                        * * *
     (b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.

5

F.2d 1079, 1085 (7th Cir. 1979).

## II.

Plaintiff's complaint, his deposition testimony, and his response to Defendants' motions for summary judgment make clear that he is challenging the seizure and forfeiture of what was formerly his property. See, e.g., Pltf's Combined Resp. to Defts' Motions for Summary Judgment at 3 ("Plaintiff is suing the Defendants for seizing property that was not authorized by the warrants, which is a constitutional violation.").[6] We say formerly because

---

[6] The following exchange took place at Plaintiff's deposition:

Q. [T]hat document that you pointed out to me, Number – Exhibit No. 8 . . . that's the notice there . . . for the State to apply for a forfeiture for all of those items. In other words, they're letting you and everybody else know that "Hey, we're going to forfeit on these items."
A. Yes sir.
Q. And, so, you got a copy of that. Right?
A. Yes sir.
Q. And you had an attorney represent you during that trial, too, didn't you?
A. He's supposed to have.

* * *

Q. Okay. In Defendants' Exhibit 9 he's listed as . . . "Respondent Eddie Copeland represented by Mr. Brian McLaughlin." Right?
A. Yes sir.
Q. And . . . all these items that were seized under these seven warrants – they went through a forfeiture sale procedure, didn't they?
A. Yes sir.

* * *

Q. And you lost. Right?
A. That's what they said.

* * *

Q. And . . . that's why you're bringing this lawsuit, isn't it – because you don't think they should have been able to take that. Right?

* * *

(continued...)

the legality of the forfeiture (and subsequent sale) undoubtedly was adjudicated, whether rightly or wrongly, in the prior Oklahoma state forfeiture proceedings. Whether Plaintiff actually challenged the lawfulness of the property's seizure in those proceedings is irrelevant. The point is he should have if he did not because, as we explained in our prior opinion, Plaintiff "ha[d] an adequate remedy in state court." Copeman, 458 F.3d at 1073. "That remedy is adequate because *the legality of a seizure may be tested in a judicial forfeiture*." Frazee v. I.R.S., 947 F.2d 448,450 (10th Cir. 1991) (emphasis added); accord United States v. Akers, 215 F.3d 1089, 1106 (10th Cir. 2000).

Allowing Plaintiff's § 1983 action to go forward would clearly undercut the state district court's judgment in the forfeiture proceedings. Defendant's argument that an award of money damages in lieu of the property's return would not in any way affect the state court's judgments rings hollow. Even the district court, in the context of a discussion on the Rooker-Feldman doctrine, doubted Plaintiff's assertion that he was not challenging the state

---

[6](...continued)
A. I've looked at the warrants, and I don't see nowhere on there where it says they can take it.

\* \* \*

Q. And . . . you're bringing this – this federal lawsuit for violation of your civil rights because you disagree with the ruling of the district court in these forfeiture hearings. Is that correct?
A. Well, yes, sir.

Deft. County of Haskell's Motion for Summary Judgment, Ex. A, at 86-89.

court judgments.[7]  In granting summary judgment to Defendants Fioretti and Craft, the court opined that "[t]he challenge of the . . . seizure, *ipso facto*, is a challenge to the state court's forfeiture judgment."  Copeman v. Ballard, No. CIV-04-436-WH, Order at 5 (E.D. Okla., filed June 14, 2005).  An award of compensatory damages based on the alleged value of the seized property, which is precisely what Plaintiff seeks if he cannot recover the property, would suggest the invalidity of the state court's forfeiture orders.  See Rudell v. Comprehensive Accounting Corp., 802 F.2d 926, 927-33 (7th Cir. 1986).  This Oklahoma preclusion principles will not permit.  Accordingly, Plaintiff's action is barred.[8]

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[7]  Because Plaintiff filed the present action prior to the state court's entry of its final orders of forfeiture, the Rooker-Feldman doctrine is inapplicable here.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 284 (2005) (doctrine applies only when a state court renders judgment prior to commencement of the federal action).

[8]  To the extent, if any, that Plaintiff seeks to challenge the seizure of property used to convict him, such challenge is not cognizable under § 1983 because it suggests the invalidity of Plaintiff's underlying criminal convictions.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).