**UNITED STATES COURT OF APPEALS**

**March 23, 2010**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

EDUARDO SOTO-DIARTE,

Defendant-Appellee.

No. 09-3183
(D.C. No. 2:06-20142-JWL-3)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before, **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

In 2006, Appellant Eduardo Soto-Diarte pled guilty to a felony drug conviction

and was sentenced to 135 months' imprisonment. During the course of its investigation

into Soto-Diarte's activities, the government apparently seized numerous firearms,

munitions, and other gun-related items from Soto-Diarte. Once Soto-Diarte's criminal

proceedings had terminated, he filed a pro se Motion for Return of Personal Property

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

under Federal Rule of Criminal Procedure 41(g)[1] that sought the return or replacement of the seized property. The district court denied this motion without conducting an evidentiary hearing. Soto-Diarte now appeals that decision with respect to the firearms. On appeal, he requests the government return the firearms (or replacements of the firearms) to him or a designated person, or, in the alternative, provide him with the fair market value of the seized firearms. Exercising jurisdiction under 28 U.S.C. § 1291, we vacate the district court's order and remand for further proceedings consistent with this order.

A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows "irreparable harm and an inadequate remedy at law." United States v. Copeman, 458 F.3d 1070, 1071 (10th Cir. 2006) (quotations and citation omitted). Once criminal proceedings have terminated, however, "the person from whom the property was seized is presumed to have a right to its return, and the government must

---

[1] Rule 41(g) provides,

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings

Prior to amendments in 2002, the substance of Rule 41(g) was contained in former Rule 41(e). The changes made in these amendments were stylistic only. See United States v. Copeman, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006) ("What was formerly Rule 41(e) is now Rule 41(g), with only stylistic changes.")

demonstrate that it has a legitimate reason to retain the property." United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1213 n.14 (10th Cir. 2001) (quotations and citation omitted).

We review questions of law relating to a Rule 41(g) motion de novo, see United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005), but we review the district court's weighing of equitable considerations and its decision to deny a Rule 41(g) motion for an abuse of discretion, see Copeman, 458 F.3d. at 1072.

We decline to reach the merits of Soto-Diarte's appeal. Soto-Diarte attached to his brief documents indicating that the firearms at issue have been destroyed. He did not file these documents with the district court, though he appears to have been in possession of them. Likewise, the government made no effort to inform the district court that the firearms had apparently been destroyed, though the documents filed by Soto-Diarte were government-authored, and the government does not appear to disagree that the firearms were already destroyed before Soto-Diarte filed his Rule 41(g) motion. Given these circumstances, the district court made no finding as to the status of the firearms and operated on what now appears to be an inaccurate belief that the government retains possession of them.

Since Soto-Diarte and the government have only now raised an issue about the status of the seized firearms, we must remand the matter to the district court to make findings regarding whether the government possesses the property. See Clymore v. Untied States, 415 F.3d 1113, 1120 (10th Cir. 2005) ("Because the status of the property was raised for the first time at oral argument, it is necessary to remand the matter to the

3

district court for findings regarding the government's possession of property."). If the district court concludes the government retains possession of the firearms, it may proceed to rule on Soto-Diarte's Rule 41(g) motion. Should the district could conclude, however, that the government no longer possesses the seized firearms, the district court has two options. First, Rule 41(g) is not a proper vehicle for obtaining monetary compensation for seized property no longer in the government's possession. See Clymore, 415 F.3d at 1120 (concluding that "sovereign immunity bars monetary relief in a Rule 41(e) proceeding when the government no longer possesses the property"). Thus, the district court may simply dismiss Soto-Diarte's Rule 41(g) motion for a lack of subject matter jurisdiction. See Clymore, 415 F.3d at 1120 ("Should the district court determine on remand that the government is no longer in possession of the property, it should vacate its prior order granting the United States summary judgment and dismiss [the movant's Rule 41(g) motion] for lack of subject matter jurisdiction."). Alternatively, the district court could grant the movant an opportunity to assert an alternative claim for monetary relief, an approach that is particularly appropriate in the case of pro se movants such as Soto-Diarte. See United States v. Hall, 269 F.3d 940, 943 (8th Cir. 2001) ("[W]hen a district court conducting a Rule 41(e) proceeding learns that the government no longer possesses property that is the subject of the motion to return, the court should grant the movant (particularly a movant proceeding pro se . . . ) an opportunity to assert an alternative claim for money damages.").

4

For the foregoing reasons, we VACATE the district court's order and REMAND for further proceedings not inconsistent with this order.[2]

Entered for the Court

David M. Ebel
Circuit Judge

---

[2] We have not considered, and decline to accept, Soto-Diarte's reply brief because it was not timely filed.