**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 24, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

EDUARDO SOTO-DIARTE,

　　　　Defendant - Appellant.

No. 10-3195

(D. Kansas)

(D.C. No. 2:06-CR-20142-JWL-3)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Eduardo Soto-Diarte appeals the partial denial of a motion he made under Fed. R. Crim. P. 41(g) for the return of fifteen firearms,

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which he claims were seized from him prior to his incarceration. We affirm the district court's partial denial.

## BACKGROUND

In 2007, Mr. Soto-Diarte pled guilty to one count of conspiracy to distribute and to possess, with the intent to distribute, 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced to 135 months' imprisonment. During the course of its investigation into Mr. Soto-Diarte's activities, the government apparently seized numerous firearms, ammunition and gun-related items from Mr. Soto-Diarte.

Almost two years after he was sentenced, Mr. Soto-Diarte filed a Rule 41(g) motion seeking the return of the firearms and other materials. He claimed to be the "lawful owner" of the property. The government opposed the motion, arguing that it would be unlawful, under 18 U.S.C. § 922(g)(1), for Mr. Soto-Diarte, a convicted felon, to possess the firearms or the ammunition. Mr. Soto-Diarte responded that he had "signed over his property rights of the weapons to a Family member who is not a convicted felon." Reply to Resp. to R. 41(g) Mot. at 2, R. Vol. 1 at 27.

The district court denied the motion, concluding that as a convicted felon, Mr. Soto-Diarte was not entitled to exercise even constructive authority over the firearms. The court also observed that, if he had transferred ownership of the

items before his felony conviction, the motion would also fail because he had no ownership interest in the weapons.

On appeal, our court vacated that order and remanded the matter to the district court for it to make findings on whether the government still had possession of the guns. United States v. Soto-Diarte, 370 Fed. Appx. 886 (10th Cir. 2010) (unpublished). That issue had not been presented to the district court.

On remand, the district court entered an order giving Mr. Soto-Diarte until May 14, 2010, "to provide evidence to [the district] court of the status of the firearms and to assert an alternative theory for monetary relief if he can show that they have been destroyed." Order at 1, R. Vol. 1 at 40. The government filed a notice indicating that it had learned, following the remand from our court, that the firearms were still in the possession of the Kansas City, Kansas, Police Department ("KCPD").

On June 14, 2010, the district court determined that Mr. Soto-Diarte had failed to make any filing within the allotted time, and it denied his Rule 41(g) motion. Later that day, the district court received Mr. Soto-Diarte's motion for leave to file a late response, which the court then granted.

Mr. Soto-Diarte subsequently filed a pleading with attachments that constituted his evidence as to the status of the firearms. He averred that on December 4, 2008, he had written a letter to the Drug Enforcement Administration ("DEA") asking for the return of sixteen firearms. In response, he

-3-

had received a letter dated December 18, 2008, from Special Agent in Charge Preston L. Grubbs of the St. Louis division of the DEA, stating that the firearms had been seized and maintained by the KCPD. The letter further stated that, following the conclusion of Mr. Soto-Diarte's case, the U.S. Attorney's office had informed the KCPD that the evidence was no longer needed and that the KCPD had sought and obtained an order from a Kansas state court for the disposal of the weapons. Agent Grubbs additionally stated that he had "been informed that the weapons [had] since been destroyed," although he failed to identify the source of that information. Mot. Providing Evidence, Ex. A, R. Vol. 1 at 53. The letter, as well as the state court motion and order concerning the disposal of the weapons, was included with Mr. Soto-Diarte's pleading. Mr. Soto-Diarte also presented "an alternative claim for monetary relief in the amount of $10,000.00," but he failed to state a theory for that proposed relief or provide a factual basis for the dollar amount. Id. at 2, R. Vol. 1 at 49.

Mr. Soto-Diarte filed a motion for reconsideration of the district court's June 14, 2010, memorandum and order denying his Rule 41(g) motion. The district court granted the motion and vacated its earlier memorandum and order. It also directed the government to provide evidence supporting its contention that the weapons were still in the possession of the KCPD.

The government's response included a July 20, 2010, letter from Sergeant Gerald Henre of the KCPD's property/logistics unit, stating that the firearms were

still in the custody of the KCPD, but that the ammunition and magazines seized with them had been destroyed on March 7, 2009.

After receiving evidence from both parties, the district court determined that the government still possessed the firearms, and it granted in part and denied in part Mr. Soto-Diarte's motion as to those weapons. The court concluded that "[i]n light of the evidence both parties have submitted, . . . an evidentiary hearing to elicit further evidence [was] not needed." Mem. & Order at 3, R. Vol. 1 at 79. The district court further compared the evidence presented by each party: Mr. Soto-Diarte's 2008 letter from the DEA agent, claiming to have been "told" that the weapons had been destroyed, but written without direct knowledge of the status of the weapons, and the government's 2010 letter from a sergeant in the KCPD, stating that the firearms had not been destroyed and were, in fact, still at the KCPD.

The court concluded that the evidence from the KCPD sergeant was more accurate: "This more recent statement from someone within the KCKPD, the agency with custody of the property in question, provides more accurate information than Mr. Soto-Diarte's older letter from someone with only second-hand knowledge." Id. The district court then denied Mr. Soto-Diarte's Rule 41(g) motion as to the firearms, stating that any recourse for the destruction of the ammunition and magazines should be sought in state court where the destruction order was issued. It granted his motion as to certain firearms-related items (rifle

tripods and cases) and directed them to be returned to Mr. Soto-Diarte because he was not prohibited from possessing them. This appeal followed, in which Mr. Soto-Diarte argues that the district court abused its discretion in denying his motion for return of the firearms without conducting an evidentiary hearing and without requiring the government to present "tangible evidence."

## DISCUSSION

Rule 41(g) provides as follows:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.[1]

A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows "irreparable harm and an inadequate remedy at law." Copeman, 458 F.3d at 1071 (quotations and citations omitted). Once criminal proceedings have terminated, however, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." United States

---

[1]Prior to amendments in 2002, the substance of Rule 41(g) was contained in former Rule 41(e). The changes made in these amendments were stylistic only. See United States v. Copeman, 458 F.3d 1070, 1071 n.1 (10th Cir. 2006) ("What was formerly Rule 41(e) is now Rule 41(g), with only stylistic changes.").

-6-

v. Rodriguez-Aguirre, 264 F.3d 1195, 1213 n.14 (10th Cir. 2001) (quotations and citation omitted).

We review questions of law relating to a Rule 41(g) motion *de novo*, see United States v. Howell, 425 F.3d 971, 973 (11th Cir. 2005), but we review the district court's weighing of equitable considerations and its decision to deny a Rule 41(g) motion for an abuse of discretion. See Copeman, 458 F.3d at 1072.

We conclude the district court did not abuse its discretion in denying Mr. Soto-Diarte's motion to return the firearms without conducting an evidentiary hearing. The district court quite reasonably determined that the more recent information, based on first-hand knowledge, of the KCPD sergeant adequately established that the firearms had not been destroyed, but were actually in the custody of the KCPD. There was no need to provide more "tangible evidence" and nothing to be gained by conducting an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's disposition of the Rule 41(g) motion.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge