**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 31, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FREDERICK D. MOORE,

    Plaintiff - Appellant,

v.

STEVE HARTLEY, Warden, Cheyenne
Mountain Re-Entry Center; PATSY
PAULK, Deputy Director of Programs,
Cheyenne Mountain Re-Entry Center;
SAHIB BROWN, Chief of Programs;
Cheyenne Mountain Re-Entry Center;
KELLY LEHMAN, Unit Manager,
Cheyenne Mountain Re-Entry Center;
MARIA JUAREZ, Unit Manager,
Cheyenne Mountain Re-Entry Center,

    Defendants - Appellees.

No. 15-1151
(D.C. No. 1:15-CV-00262-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

    Frederick Moore, a state prisoner proceeding pro se, appeals the dismissal of

his constitutional and Religious Land Use and Institutionalized Persons Act

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("RLUIPA") claims under 28 U.S.C. § 1915(e)(2)(B). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## I

Moore claims that while in custody at the Cheyenne Mountain Re-Entry Center ("CMRC"), he was required to recite the CMRC credo. He asserts that this requirement violated his rights under the First Amendment and RLUIPA. In support of this claim, Moore submits that the CMRC credo is a statement with religious significance. He also complains that CMRC officials violated his Eighth Amendment rights by requiring him to document the behavior of others in custody, and that defendants' conduct in general violated his Fourteenth Amendment rights.

The district court dismissed his claims under § 1915(e)(2)(B). It concluded that Moore had failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), and that he had in any event failed to state a claim upon which relief could be granted. Moore timely appealed.

## II

Construing his appellate filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), Moore contends that because failure to exhaust is an affirmative defense, it does not provide grounds for a sua sponte dismissal under § 1915(e)(2)(B). However, the district court did not rely solely on Moore's failure to exhaust in dismissing the complaint; rather, it also concluded that Moore failed to state a claim on the merits. Moore does not intelligibly challenge the latter determination on appeal. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159

-2-

(10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."). And that failing is fatal to his appeal. When a district court provides two alternative bases for its ruling and an appellant challenges only one of those grounds, the district court's judgment "would still stand on the alternative ground which was not appealed" even if we were to accept the appellant's arguments. Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 877 (10th Cir. 2004).[1]

Moore makes a conclusory statement that he should have been entitled to more process below, but never explains how additional procedures would have made his claims legally cognizable. This argument accordingly provides no basis for relief. See Merryfield v. Jordan, 584 F.3d 923, 925 n.2 (10th Cir. 2009) (concluding that pro se plaintiff "waived . . . issues due to a wholesale lack of reasoned argument").

### III

The judgment of the district court is **AFFIRMED**. We **GRANT** Moore's motion to proceed in forma pauperis, and remind him of his obligation to continue

---

[1] Because Moore waived any challenge to the district court determination regarding the merits of his claims, we express no opinion as to whether he sufficiently pled his RLUIPA claim. See Holt v. Hobbs, 135 S. Ct. 853, 862-63 (2015) (holding that RLUIPA requires a prison with policies that command inmates to "engage in conduct that seriously violates [their] religious beliefs" to show that those policies are the least restrictive means of advancing a compelling governmental interest).

making partial payments until the fees are paid in full.

Entered for the Court


Carlos F. Lucero
Circuit Judge