**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 24, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BARRY WINFIELD CONE,

    Defendant-Appellant.

No. 17-5064
(D.C. Nos. 4:10-CR-00150-GKF-1 &
4:16-CR-00097-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **BACHARACH**, Circuit Judges.
_____

This appeal involves a federal prisoner's motion for return of seized

property. The prisoner, Mr. Barry Cone, rented a commercial space and

alleges that he was unable to obtain his own property from his landlord.

According to Mr. Cone, U.S. marshals were prohibiting the landlord from

releasing the property because of an ongoing investigation.

---

[*]     The parties do not request oral argument, and it would not materially help us to decide this appeal. As a result, we decide the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Federal officials denied that they were prohibiting the landlord from returning Mr. Cone's property. But Mr. Cone was apparently unable to convince the landlord to return the property. So, Mr. Cone moved for return of the property under Fed. R. Crim. P. 41(g). The district court granted summary judgment to the government, relying on the availability of a state-court replevin action and the federal officials' denials that they were prohibiting release of the property. Mr. Cone appeals the grant of summary judgment, and we affirm.

Though Mr. Cone filed his motion under a criminal rule (Fed. R. Crim. P. 41(g)), the district court converted the government's motion to dismiss to one for summary judgment. With conversion of the government's motion, the district court had to view the evidence in the light most favorable to Mr. Cone. *See Christoffersen v. United Parcel Serv., Inc.*, 747 F.3d 1223, 1227 (10th Cir. 2014). In considering the district court's disposition of the summary-judgment motion, we engage in de novo review. *See United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1182 (10th Cir. 2005) (de novo consideration of rulings on summary judgment); *see also United States v. Soto-Diarte*, 402 F. Appx. 388, 391 (10th Cir. 2010) (unpublished) (de novo consideration of rulings on motions for return of property).

In reviewing the disposition do novo, we conclude that Mr. Cone failed to challenge one of the district court's two reasons for awarding

2

summary judgment to the government: Mr. Cone's opportunity to obtain relief through a state-court action for replevin. *See* Okla. Stat. tit. 41, § 52. In granting summary judgment to the government, the district court explained that the availability of replevin as a remedy in state court would preclude relief under Fed. R. Crim. P. 41(g). *See United States v. Copeman*, 458 F.3d 1070, 1073 (10th Cir. 2006) (holding that the availability of a remedy in state judicial forfeiture proceedings precludes relief under Fed. R. Crim. P. 41(g)). Mr. Cone's failure to challenge this part of the district court's reasoning is fatal. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004).[1]

Instead, Mr. Cone addresses only the second part of the district court's reasoning: the government's denial of any "holds" on the property. On this issue, Mr. Cone relied on his landlord's stated refusal to release property based on an alleged instruction from Deputy U.S. Marshals. In response, the government presented

- letters from a federal prosecutor to the landlord and Mr. Cone's wife, denying awareness of a "hold" on the property and noting that any prior "hold" was thereby removed and

---

[1] Though Mr. Cone is pro se, he is subject to the same procedural rules governing other litigants. *United States v. Green*, ___ F.3d ___, 2018 WL 1660115, at *5 (10th Cir. Apr. 6, 2017) (to be published); *see also Moore v. Hartley*, 608 F. App'x 714, 715 (10th Cir. 2015) (unpublished) (holding that a pro se litigant's failure to challenge one of two alternative grounds for a ruling is fatal on appeal).

- affidavits by two deputy marshals, denying any instruction to the landlord to hold Mr. Cone's property.

Mr. Cone argues that the district court should have conducted an evidentiary hearing before deciding whether U.S. Marshals had placed a hold on the property. We disagree. The district court must "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). The court did receive such evidence. The court notified Mr. Cone that the government's motion would be treated as one for summary judgment and provided Mr. Cone with an opportunity to present additional evidence. Upon receiving notice of this opportunity, Mr. Cone filed a supplemental response and provided additional evidence. The court rendered a decision only after considering Mr. Cone's additional evidence.

In that evidence, Mr. Cone had relied on his landlord's alleged statement; but a federal prosecutor subsequently disclaimed any prior "hold" on the property. Thus, even if we were to credit Mr. Cone's account, the undisputed evidence would have shown the absence of an ongoing "hold" on the property. In these circumstances, the district court's grant of summary judgment would have remained correct even in the absence of Mr. Cone's opportunity to pursue a state-court action for replevin.

4

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge