**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MARQUEL SPRATLING,

      Plaintiff - Appellant,

v.

SOVEREIGN STAFFING GROUP,
INC.,

      Defendant - Appellee.

No. 18-3209
D.C. No. 2:17-CV-02145-DDC
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

_____

Mr. Marquel Spratling is a former employee of Sovereign Staffing,

Inc. He sued under Title VII, claiming racial discrimination and a hostile

work environment. Sovereign Staffing moved for summary judgment based

on timeliness and a failure to prove discrimination or a hostile work

_____

[*]     Oral argument would not materially help us to decide this appeal. _See_
Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). We have thus decided
the appeal based on the briefs and record on appeal.

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

environment. The district court agreed with both grounds and awarded summary judgment to Sovereign Staffing.

We affirm. Though Sovereign Staffing urged summary judgment in district court based on timeliness, Mr. Spratling failed to respond to this part of the motion. This failure constituted a forfeiture. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (Gorsuch, J.).

Without an argument from Spratling, the district court addressed timeliness and ruled in part that the suit had been untimely. *See* 42 U.S.C. § 20003-16(c) (providing 90 days for a claimant to sue under Title VII after getting a right-to-sue letter from the EEOC). Though Mr. Spratling challenges parts of the ruling, he failed to address timeliness in his initial appeal brief.

He did address timeliness in his appellate reply brief. But even there, Mr. Spratling did not urge plain error, so we decline to consider his new argument on timeliness. *See Richison*, 634 F.3d at 1131 ("the failure to argue for plain error and its application on appeal [] marks the end of the road for an argument for reversal not first presented to the district court"); *see also Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."). The failure to properly challenge the ruling on timeliness is fatal to Mr. Spratling's appeal, so we affirm. *See Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877

(10th Cir. 2004) (holding that the plaintiff waived a challenge to the district court's alternative ground by challenging only the court's first ground for the ruling).[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] Though Mr. Spratling is pro se, he is subject to the same procedural rules governing other litigants. *See United States v. Green*, 886 F.3d 1300, 1307–08 (10th Cir. 2018) (stating that a litigant's pro se status did not excuse compliance with the general procedural rule); *see also Moore v. Hartley*, 608 F. App'x 714, 715 (10th Cir. 2015) (unpublished) (holding that a pro se litigant's failure to challenge one of two alternative grounds for a ruling is fatal on appeal).